IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WILLIAM M. FLATAU, as trustee in bankruptcy for Calvin Ferrell Davis, CALVIN FERRELL DAVIS, and LASHAN DENISE DAVIS,<br><br>    Plaintiffs,<br><br>v.<br><br>SHERMAN FINANCIAL GROUP LLC, SHERMAN ORIGINATOR LLC, SHERMAN ACQUISITION LLC, LVNV FUNDING LLC, RESURGENT CAPITAL SERVICES LP, GREENE & COOPER LLP, and ATLAS ACQUISITIONS LLC,<br><br>    Defendants. | CIVIL ACTION FILE NO.<br><br>5:14-cv-00245-MTT |

**MOTION TO TERMINATE STAY AND RENEWED MOTION FOR LEAVE TO FILE SECOND AMENDED & RECAST COMPLAINT**

Plaintiffs, William M. Flatau, as trustee in bankruptcy for Calvin Ferrell Davis, Calvin Ferrell Davis, and LaShan Denise Davis, file this Motion to Terminate Stay and Renewed Motion for Leave to File a Second Amended and Recast Complaint now that the Houston County State Court has ruled on the motion to set aside the state default judgment.

Plaintiffs previously sought a stay and leave to file a Second Amended Complaint through their December 11, 2014 motion, which Plaintiffs expressly adopt and incorporate by reference. [Docs. 56, 56-1]. This Court thereafter granted the stay and ordered that Plaintiffs' motion to amend would remain pending until the Houston County State Court ruled on the motion to set aside the state default judgment. [Doc. 63]. The Houston County State Court denied the motion to set aside said default judgment on March 13, 2015 based on its conclusion

1

that it lacked jurisdiction because of Davis's bankruptcy discharge.[1] (Houston County Order attached as Exhibit A).  With all due respect to the Houston County State Court, this is an erroneous conclusion contrary to applicable law.  That being said, Plaintiffs note that the state court did not rule on whether its earlier default judgment is void for lack of personal jurisdiction over Davis; it only ruled (albeit erroneously) that *now* it lacks jurisdiction because of the bankruptcy discharge.  As detailed below, Georgia law clearly permits Plaintiffs to collaterally attack the earlier default judgment in any court and at any time.  Neither the Rooker-Feldman doctrine nor issue preclusion prevents such a collateral attack before this Court.  Accordingly, Plaintiffs request that the Court terminate the stay imposed on February 5, 2015 and rule on Plaintiffs' Motion for Leave to file a Second Amended and Recast Complaint.

## I.     STANDARD OF REVIEW

As described in the Motion to Amend filed on December 11, 2014, Rule 15(a)(2) permits a party to amend its Complaint by leave of the court, which "shall be freely given when justice so requires," FED. R. CIV. P. 15(a), and which should be granted with "extreme liberality," *Eminence Capital, LLC v. Aspeon*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam).  Such a policy enables cases to be judged on the merits, especially "when it appears that a more carefully

---

[1] The Houston County State Court also ruled that Davis lacked standing to file the motion to set aside because only Plaintiff William M. Flatau, the trustee in Davis's bankruptcy, has standing to pursue potential assets of the bankruptcy estate. (Exhibit A).  However, a week before that ruling, on March 6, 2015, Davis filed a motion to add Flatau as a movant of the motion to set aside.  The Houston County State Court never acknowledged nor ruled on this motion. Plaintiffs also note that they were not made aware the Houston County Court had denied their motion to set aside until counsel for Defendants' informed them so in mid-April.  Plaintiffs did not receive a copy of the Houston County State Court's Order denying their motion to set aside until April 23, 2015, which was post-marked April 21, 2015.  Plaintiffs believe that the Houston County State Court's failure to acknowledge Plaintiffs' motion to add Flatau as a movant, in addition to its failure to timely notify them of its order denying their motion to set aside, is likely due to the well-publicized work backlog in the Houston County State Court Clerk's office.  Barnett, Karli (April 17, 2015).  *Work backlog at Houston Co. Clerk's office*. Retrieved from: http://www.13wmaz.com/story/news/local/warner-robins/2015/04/17/work-backlog-at-houston-clerks-office/25962969/.

drafted complaint might state a claim upon which relief could be granted." *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985); *Schiavone v. Fortune*, 477 U.S. 21, 27 (1986).  Leave to amend should only be denied if "there exists a substantial reason" to do so, such as undue delay, dilatory motive, repeated failure to cure deficiencies, or undue prejudice to the opposing party. *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999); *Nuco Invs., Inc. v. Hartford Fire Ins. Co.*, C.A. No. 1:02-cv-1622, 2005 U.S. Dist. LEXIS 47669 (N.D. Ga. July 1, 2005).

## II.  ARGUMENT

Plaintiffs submit that they have justifiable reasons for seeking to amend the First Amended Complaint and that nothing warrants denying them leave to amend.  When Plaintiffs filed the Complaint [Doc. 1] and the First Amended Complaint [Doc. 10], they thought that the underlying Houston County default judgment was valid against **a** "Calvin Davis," albeit not against Plaintiff Calvin Ferrell Davis.  As this case progressed, Plaintiffs' independent investigation revealed that Arrow intended to collect the supposed credit card debt from Plaintiff Calvin Ferrell Davis, falsely claimed to have effected personal service on Davis in Civil Action File No. 2010C44097 (the "Houston County Action"), and knew that it could not substantiate its claim to be a creditor with documentation of the supposed debt or of the supposed chain of title.[2] The Second Amended Complaint would provide more detail regarding the supposed personal service on Davis—including evidence that he had no association after 2006 with the address at which Arrow supposedly served him in 2010, and that the process server used by Arrow was not an authorized process server under Georgia law. *See* O.C.G.A. § 9-11-4(c); *Jahanbin v. Rafieishad*, 292 Ga. 806, 806-07 (2013) (a court has no jurisdiction without service conforming to O.C.G.A. § 9-11-4, and the resulting judgment is "absolutely void.").  This new information

---

[2] On April 27, 2015, Davis's bankruptcy trustee filed an objection to Atlas's proof of claim purporting to collect on the Wells Fargo credit card debt that was the subject of the Houston County Default Judgment. *In re Davis*, Case No. 13-51601 AEC (M.D. Ga. Bankr.) [Doc. 55].

3

and added detail would critically alter Plaintiffs' factual allegations and legal contentions and would affect Defendants' Motions to Dismiss.

Plaintiffs also seek to file a Second Amended Complaint to streamline their claims under the Georgia Racketeer Influenced and Corrupt Organizations Act, O.C.G.A. § 16-14-1 *et seq.* ("Georgia RICO") and to eliminate factual allegations that they no longer consider necessary.[3] The resulting amended complaint is significantly shorter than the First Amended Complaint and would promote judicial economy by narrowing the factual and legal disputes.  Plaintiffs have no motive to delay the present case.  They only recently uncovered the operative facts and have timely sought to amend their complaint accordingly.  Granting Plaintiffs leave to amend the First Amended Complaint would not result in undue delay and would, in fact, streamline their allegations and enable the case to proceed more efficiently.

As for the Houston County State Court's recent ruling, its denial of the motion to set aside in no way prevents this Court from collaterally reviewing the state default judgment for lack of personal jurisdiction over Davis.  Georgia law establishes that "[t]he judgment of a court having no jurisdiction of the person . . . is a mere nullity and ***may be so held in any court when it becomes material to the interest of the parties to consider it***." O.C.G.A. § 9-12-16 (emphasis added).  Another provision of Georgia law similarly provides that "[a] judgment void on its face may be attacked in any court by any person." O.C.G.A. § 9-11-60(a).  The Supreme Court of Georgia has found that a court's lack of personal jurisdiction over a purported party renders the court's judgment "void on its face" and subject to *permissible* collateral attacks in any court and at any time. *Murphy v. Murphy*, 263 Ga. 280, 282-83 (1993) (quoting O.C.G.A. §§ 9-11-60(a), (f)).  The purported party need not seek redress from the original court and, instead, may have

---

[3] Plaintiffs state only that the eliminated factual allegations are not **necessary** for pleading their claims; they do not represent or imply that said allegations are untrue or irrelevant.  Plaintiffs may use the eliminated allegations as evidence at summary judgment or at trial.

the judgment "***declared void collaterally without any direct proceedings to revise the judgment***." *Royal Indem. Co. v. Mayor of Savannah*, 209 Ga. 383, 391 (1952) (emphasis added). As the Third Circuit has explained, "[b]ecause a void judgment is null and without effect, the vacating of such a judgment is merely a formality and does not intrude upon the notion of mutual respect in federal-state interests." *In re James*, 940 F.2d 46, 52 (3d Cir. 1991). Thus, federal collateral review of a state court proceeding is permissible where the state court lacked jurisdiction over the parties. *See id* at 51-52; *Collins v. Peacock*, 147 Ga. 424, 426-427 (1978) (holding that a foreign judgment "may be collaterally attacked where the foreign court lacked jurisdiction of the person or subject matter"); *Gordon v. Gordon*, 237 Ga. 171, 171-172 (1976) (holding that foreign judgments are subject to collateral attack "where the foreign court lacked jurisdiction of the person or subject matter or where the judgment was procured by fraud."). In such instances where the state court judgment is void on its face for lack of jurisdiction, it is within a federal court's power to vacate the judgment.[4]

In a situation that closely parallels the present case, a property owner contended that he was never personally served in a quiet title action. *See James v. Intown Ventures, LLC*, 290 Ga. 813, 814 (2012). Neither the property owner nor the opposing entity raised the resulting quiet title judgment in the property owner's subsequent bankruptcy, in which he received a discharge. *Id.* at 816. The opposing entity later sought summary judgment against the property owner in a

---

[4] Davis's subsequent bankruptcy discharge did not somehow cure the Default Judgment's pre-existing jurisdictional defects, erase the misconduct leading to its entry, or undo the harm that Davis suffered from Defendants' subsequent knowingly unlawful enforcement efforts. Indeed, the bankruptcy court authorized the bankruptcy trustee to initiate the federal lawsuit to pursue Davis's claims as an asset of the bankruptcy estate. [*See* Doc. 10]. Davis's discharge has no effect on the trustee's pursuit of assets for the benefit of the bankruptcy estate and does not make the validity of the Default Judgment moot. Indeed, Defendants have unambiguously told the Court that Davis's claims "are entirely dependent on [Davis's] contention that the underlying state court judgment is invalid." [Doc. 20-1, p. 7]. That the success of Davis's federal court claims could be "entirely dependent" on the Default Judgment yet the Default Judgment also be supposedly "moot" is completely nonsensical.

non-bankruptcy case regarding ownership of the property. *Id.* at 815-16. The Court found that the property owner's affidavit evidence that he was not served in the quiet title action created an issue of fact that precluded summary judgment based on res judicata. *Id.* The Court further noted that O.C.G.A. §§ 9-11-60(a) and (f) permit a "judgment alleged to be void for lack of personal or subject matter jurisdiction [to] be attacked in any court, by any person, at any time." *Id.* (citing O.C.G.A. §§ 9-11-60(a), (f), O.C.G.A. § 9-12-16, and *Murphy*, 263 Ga. at 282-83); *see also Wilbanks v. Bowman*, 212 Ga. 809 (1957) (A judgment void for lack of jurisdiction cannot be the basis for res judicata or estoppel.).

Applying this binding precedent to the present case, Plaintiffs contend that the Houston County Court never had personal jurisdiction over Davis because the opposing party, Arrow Financial Services LLC ("Arrow"), never effected personal service. Arrow supposedly served Davis in 2010 at an address where he never lived and had not known the occupant since 2006 and, further, used a process server who was not authorized under Georgia law to effect personal service. Plaintiffs have evidence to support these contentions that would create an issue of fact as to whether Davis was an actual party to the Houston County Action. *See Intown Ventures*, 290 Ga. at 815-16; Aff. of Calvin Davis [Doc. 51-1], Affs. of Hung Van Thai and Bryan Tran (interpreter) [Doc. 53-1]. This issue of fact precludes the pre-trial application of res judicata because res judicata only applies to judgments between "the same parties and their privies." *Id.* (quoting O.C.G.A. § 9-12-40). Plaintiffs also expressly raise before this Court the allegation that the state default judgment is void for lack of personal service over Davis—an allegation that Plaintiffs may raise before any court and at any time. *See* O.C.G.A. §§ 9-11-60(a), 9-12-16; *Intown Ventures*, 290 Ga. at 815-16. The validity of the default judgment is indisputably "material to the interest of the parties," O.C.G.A. § 9-12-16, as Plaintiffs rest several of their

claims in the present case on the default judgment being void and Defendants heavily rely on its supposed validity for their defenses. (*See* 3/5/2015 Letter Brief Submitted to Houston County State Court, attached as Exhibit B, pp. 2-4 (quotations showing Defendants' dependence on the default judgment)).

While Plaintiffs had no obligation to contest the default judgment before the Houston County State Court, *see Royal Indem. Co. v. Mayor of Savannah*, 209 Ga. 383, 391 (1952), they did so in a good-faith effort to simplify proceedings in this case and based on the Defendants' vehement statements that only a state court could find the default judgment void. *See, e.g.*, Mem. in Support of Sherman Defs.' Mot. to Dismiss [Doc. 20-1], pp. 6-7.  Indeed, the Sherman Defendants stated that "unless and until" Davis moved the state court to set aside or vacate the default judgment, the federal court lacked jurisdiction to hear Davis's claims. *Id.*, p. 1.  Plaintiffs accepted Defendants' invitation and filed a motion to set aside in the Houston County Action. Now that the Houston County State Court has ruled that it has no jurisdiction to set aside the default judgment, Plaintiffs briefly address Defendants' argument based on the Rooker-Feldman doctrine to dispel any doubts that this Court has jurisdiction to collaterally review the default judgment—although Georgia law could not be clearer on this point, *see Murphy v. Murphy*, 263 Ga. 280, 282-83 (1993).

Binding precedent establishes that the Rooker-Feldman doctrine does not prevent this Court from exercising jurisdiction over Davis's state claims and that state preclusion law governs their viability.  First, the United States Supreme Court has made clear that Rooker-Feldman has no application to a federal suit brought by a non-party to the state suit.  *Lance v.* Dennis, 546 U.S. 459, 464 (2006); *Johnson v. De Grandy*, 512 U.S. 997, 1005-1006 (1994).  As discussed above, because Davis was not properly served with process in the Houston County Action, the

7

state court had no jurisdiction to render a judgment against Davis as a matter of law. *Barnes v. Continental Ins. Co.*, 231 Ga. 246, 246-247 (1973).

Even assuming Davis was a party to the state court action, (and he was not), the Rooker-Feldman doctrine does not necessarily prevent federal courts from having jurisdiction whenever "a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon Mobil Corp. v. Saudi Basic Inds. Corp.*, 544 U.S. 280, 293 (2005). Federal courts can have jurisdiction "if a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party' . . . ." *Id.* (quoting *GASH Assocs. v. Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993). In such circumstances, the Rooker-Feldman doctrine does not apply, but "***state law*** determines whether the defendant prevails ***under principles of preclusion***." *Id.* (emphasis added). The Seventh Circuit elaborated on the distinction between preclusion and the Rooker-Feldman doctrine in *GASH Assocs. v. Rosemont*, the case favorably quoted in *Exxon*. *See id.*; *Rosemont*, 995 F.2d at 728. The Rooker-Feldman doctrine rests on district courts only having original jurisdiction, not appellate jurisdiction over state court judgments. *Id.* The Rooker-Feldman doctrine applied in *Rosemont* because the federal plaintiff only suffered injuries from the state court judgment, not from separate conduct, and wanted the district court to essentially overrule the state court's judgment on identical issues. *Id.* at 728-29. In contrast, preclusion requires federal courts to give state court judgments "the same effect as the rendering state would" based on the Full Faith and Credit Statute, 28 U.S.C. § 1738. *Id.* at 728. "**When the state judgment would not preclude litigation in state court of an issue that turns out to be important to a federal case, the federal court may proceed** . . . ." *Id.* (citation omitted). The Eleventh Circuit has shown that it agrees with *Exxon* and *Rosemont*. *See, e.g.*, *Arthur v. JP Morgan Chase Bank, NA*, 569 Fed.

8

Appx. 669, 675-76 (11th Cir. 2014); *Vasquez v. YII Shipping Co.*, 692 F.3d 1192, 1196 (11th Cir. 2012).  In *JP Morgan*, the Eleventh Circuit concluded that state preclusion law governs, not the Rooker-Feldman doctrine, when a federal plaintiff alleges injuries that do not derive "solely from the issuance of the state court judgment" but that "flow at least in part from" the federal defendant's subsequent conduct. *Id.* at 676.  In *Vasquez*, the Eleventh Circuit concluded that neither preclusion nor the Rooker-Feldman doctrine bars a federal court from ruling on issues not litigated in "'a court of competent jurisdiction'" and not addressed in the state court judgment. *Vasquez*, 692 F.3d at 1196 (quotation omitted).

The above cases demonstrate that neither the Rooker-Feldman doctrine nor issue preclusion bars Davis's claims before this Court in three distinct ways.

(1) Both the Rooker-Feldman doctrine and issue preclusion rely on the federal plaintiff having been a party to the prior state action, *JP Morgan*, 569 Fed. Appx. at 676, *Vasquez*, 692 F.3d at 1196, but Davis was never made a party to the Houston County Action.  Arrow did not properly serve him with process, as supported by evidence submitted by Plaintiffs. *See* Aff. of Calvin Davis [Doc. 51-1], Affs. of Hung Van Thai and Bryan Tran (interpreter) [Doc. 53-1].

(2) Even if Davis is preliminarily treated as a party to the Houston County Action, the Rooker-Feldman doctrine still does not apply because Plaintiffs allege injuries that "flow at least in part from" Defendants' later conduct, not solely from entry of the default judgment. *See generally*, First Am. Compl. [Doc. 10] (Defendants' fraudulent debt collection enterprise encompasses the default judgment and also, inter alia, a later garnishment action and a fraudulent bankruptcy proof of claim).  As such, preclusion law would govern the viability of Plaintiffs' claims, not the Rooker-Feldman doctrine. *See JP Morgan*, 569 Fed. Appx. at 676; *Vasquez*, 692 F.3d at 1196.

(3) Preclusion law does not bar Plaintiffs from bringing their state or federal claims before this Court. Georgia law makes it abundantly clear that any person can challenge a state judgment void on its face for lack of personal jurisdiction in any court and at any time. *Murphy v. Murphy*, 263 Ga. 280, 282-83 (1993) (quoting O.C.G.A. §§ 9-11-60(a), (f)); O.C.G.A. §§ 9-11-60(a)-(f), 9-12-16. The Supreme Court of Georgia has explicitly authorized such challenges as *permissible* collateral attacks that are not barred by res judicata. *James v. Intown Ventures, LLC*, 290 Ga. 813, 815-16 (2012) (quoting O.C.G.A § 9-12-40 as codification of res judicata).[5] Davis's bankruptcy case and his bankruptcy discharge do not alter or strip him of this right. *See id.* at 814. Plaintiffs have affidavit evidence that Arrow never effected personal service on Davis, which substantiates their allegation that the default judgment is void on its face and creates an issue of fact as to whether Davis was a party to the Houston County Action. *See id.* Therefore, Georgia preclusion law would allow Plaintiffs to bring their state claims before this Court. *See id.*; *GASH Assocs. v. Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993) (Federal court may proceed "[w]hen the state judgment would not preclude litigation in state court of an issue that turns out to be important to a federal case").[6]

---

[5] Because the Supreme Court of Georgia has explicitly authorized collateral attacks on state default judgments for lack of personal jurisdiction, Plaintiffs need not go through the criteria for res judicata in Georgia. *See James v. Intown Ventures, LLC*, 290 Ga. 813, 815-16 (2012). *Intown Ventures* describes those criteria in detail. *See id.*

[6] As for Plaintiffs' federal claim, federal preclusion law does not bar Plaintiffs from bringing their claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Applying issue preclusion requires that the issue be "identical to an issue decided in an earlier proceeding," "actually litigated on the merits," and "'a critical and necessary part of the judgment in that earlier decision.'" *Bates v. Harvey*, 518 F.3d 1233, 1240-41 (11th Cir. 2008) (quotation omitted). Plaintiffs' FDCPA claim satisfies none of these requirements. The allegations supporting Plaintiffs' FDCPA claim are not identical to the issues decided in the default judgment. *See* First Am. Compl. [Doc. 10] ¶¶ 138-49 (alleging misconduct during a garnishment action, phone calls, and a bankruptcy case all subsequent to the default judgment). Davis did not have an opportunity to litigate the merits of his FDCPA claim because many of the events had not happened yet, and he did not have an opportunity to litigate his supposed liability for the debt underlying the default judgment because he was not properly served with process. *See id.*; Aff. of Calvin Davis [Doc. 51-1], Affs. of Hung Van Thai and Bryan Tran (interpreter) [Doc. 53-1]. Finally, Plaintiffs' FDCPA claim was not a critical and necessary part of the default

For the reasons set forth above, Plaintiffs respectfully ask this Court to terminate the stay imposed on February 5, 2015 and grant them leave to file a Second Amended and Recast Complaint.

Respectfully submitted this 27th day of April, 2015.

CHARLES A. GOWER, P.C.

*/s/ Charlie Gower*
CHARLES A. GOWER
Georgia Bar No. 303500
MIRANDA J. BRASH
Georgia Bar No. 475203

1425 Wynnton Road
Post Office Box 5509 (mailing)
Columbus, Georgia 31906
Telephone: (706) 324-5685
Facsimile: (706) 322-2964
*Attorneys for Plaintiffs*

---

judgment because, again, Defendants had not yet taken all of the actions supporting Plaintiffs' FDCPA claim and Davis was not yet aware that Arrow falsely swore that he had been served with process. Thus, even if issue preclusion applied, despite Davis not being a party to the Houston County Action, Georgia and federal preclusion law support allowing Plaintiffs to bring their state and federal claims before this Court.

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this date electronically filed **PLAINTIFFS' MOTION TO TERMINATE STAY & RENEWED MOTION TO FILE SECOND AMENDED & RECAST COMPLAINT** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Alexandria J. Reyes
TROUTMAN SANDERS LLP
600 Peachtree Street, N.E., Suite 5200
Atlanta, GA 30308

John M. Boyle
MOSS & BARNETT P.A.
150 South Fifth Street
Suite 1200
Minneapolis, MN 55402

Alan C. Hochheiser
BUCKLEY KING LPA
600 Superior Ave E., Suite 1400
Cleveland, OH 44114

Ralph L. Taylor, III
BUCKLEY KING LPA
219 Boulevard NE
Gainesville, GA 30506

Kyle A. Cooper
GREENE & COOPER, LLP
615 Colonial Park Drive, Suite 104
Roswell, Georgia 30075

This 27th day of April, 2015.

                                             */s/ Charlie Gower*
                                             Charles A. Gower
                                             *Attorney for Plaintiffs*