IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WILLIAM M. FLATAU, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:14-CV-245 (MTT) |
| ) | |
| SHERMAN FINANCIAL GROUP LLC, ) | |
| SHERMAN ORIGINATOR LLC, ) | |
| SHERMAN ACQUISITIONS LLC, LVNV ) | |
| FUNDING LLC, RESURGENT CAPITAL ) | |
| SERVICES LP, GREENE AND COOPER ) | |
| LLP, and ATLAS ACQUISITIONS LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

Before the Court is the Plaintiffs' motion to terminate the stay and renewed motion for leave to file a second amended and recast complaint.[1] (Doc. 66). The Defendants do not oppose lifting the stay. Accordingly, the Plaintiffs' motion to terminate the stay is **GRANTED**.

In the proposed second amended complaint, the Plaintiffs seek to "streamline" the facts relevant to the Georgia R.I.C.O. Act claim, add allegations regarding service of process in the state court proceedings, "add Arrow Financial Services LLC as a defendant," and "remove Greene & Cooper as a defendant." (Docs. 71 at 6; 71-1). Leave to amend should be "freely give[n] ... when justice so requires." Fed. R. Civ. P.

---

[1] When the Plaintiffs moved the court to stay the case on December 11, 2014, they also moved the Court to permit the Plaintiffs to file a second amended and recast complaint after the state court's resolution of their motion to set aside the default judgment. (Doc. 56). The Court granted the motion to stay, but the Plaintiffs' motion to file a second amended complaint remained pending. (Doc. 63). The Plaintiffs now renew that pending motion.

15(a)(2). The Court "need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) (internal quotation marks and citation omitted).

The Defendants oppose allowing the Plaintiffs to file a second amended complaint and argue the Court should rule on the pending motions to dismiss the current amended complaint. The primary focus of the Defendants' motions to dismiss is a factual attack on the Court's subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. (Docs. 20-22). When a defendant makes a factual attack on a court's subject matter jurisdiction, the court is permitted to consider matters outside the pleadings and weigh the evidence to ensure that it has the power to hear the case. *Lawrence v. Dunbar*, 919 F.3d 1525, 1529 (11th Cir. 1990). "In the face of a factual challenge to subject matter jurisdiction, the burden is on the plaintiff to prove that jurisdiction exists." *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002) (citations omitted).

Because the *Rooker-Feldman* doctrine is the threshold and primary issue in the Defendants' motions to dismiss, it is in the interest of justice to allow the Plaintiffs, who bear the burden to prove subject matter jurisdiction, to file their second amended complaint. The Plaintiffs seek to streamline the facts and clarify the legal issues so that

the case may proceed more efficiently and to support its contention that subject matter jurisdiction exists. For example, in the first amended complaint, the Plaintiffs suggest a different Calvin Davis was sued in state court. (Doc. 10, ¶¶ 39, 64). Actually, the argument that a different Calvin Davis was sued is more clearly stated in the Plaintiffs' briefing. (Doc. 32 at 2 ("Will the real Calvin Davis please stand up?")). This argument became problematic when documents surfaced suggesting a connection between the "real" Calvin Davis and the address for the Calvin Davis sued in state court. (Doc. 46-1). In the proposed second amended complaint, the Plaintiffs allege facts supporting their new argument that Calvin Davis was not properly served in the state court action. The Court agrees the second amended complaint will clarify the facts relevant to the determination of subject matter jurisdiction.

Accordingly, the Court does not find that the Plaintiffs' motion to amend is futile. Neither has there been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies. And allowing the amendment will not cause undue prejudice to the Defendants. Thus, the Plaintiffs' motion to file a second amended and recast complaint is **GRANTED**. (Doc. 66). As the Plaintiffs acknowledge, the second amended complaint will not moot the pending motions to dismiss. However, the Court will allow the Defendants **14 days** from the date of this order to supplement their motions to dismiss should they feel that is necessary.

Finally, as requested by the Plaintiffs, Greene & Cooper, LLP is **DISMISSED without prejudice** from this action, and Arrow Financial Services LLC is **JOINED** as a Defendant.

- 4 -

**SO ORDERED**, this 23rd day of June, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL
UNITED STATES DISTRICT COURT
